IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE
AT MEMPHIS

UNITED STATES OF AMERICA,

    Plaintiff,

                                         CR. NO. 24-20137-TLP

    v.

HERMAN SHAW,

    Defendant.
_____

**DEFENDANT'S POSITION REGARDING PSR**

COMES NOW the Defendant, Herman Shaw, by and through his counsel of record, Steffen G. Schreiner, Attorney at Law, and in accordance with Rule 32(c) of the Federal Rules of Criminal Procedure and in accordance with Rule 32.1of the Local Criminal Rules, and Section 6A1.2 of the United States Sentencing Commission Guidelines Manual, submits the following sentencing memorandum with respect to the Pre-Sentence Report filed in this cause:

1. OBJECTIONS TO PRE-SENTENCE REPORT:

    A. Mr. Shaw has no objections to the Pre-Sentence Report.

SENTENCING CONSIDERATIONS

This Court must now decide on a case by case basis what sentence is reasonable considering the sentencing guidelines, now advisory in nature, as well as the other statutory factors set out in the Sentencing Reform Act.

Title 18, U.S.C. § 3553(a) requires a sentencing court to consider:

    (1) the nature and circumstances of the offense and the history and

characteristics of the defendant;

(2) the need for the sentence imposed –

   (A) to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense;

   (B) to afford adequate deterrence for criminal conduct;

   (C) to protect the public from further crimes of the defendant

   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for:

   (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines issued by the Sentencing Commission …;

(5) any pertinent policy statement issued by the Sentencing Commission…;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

<u>The nature and circumstance of the offense and the history and characteristics of the defendant:</u>

The crime Mr. Shaw committed is a serious crime and he accepts responsibility for his role in the offense.

The Need for the Sentence Imposed:

A sentence of incarceration certainly advances society's demands for punishment for crimes committed. However, jurisprudential thinking has evolved beyond mere retribution to recognize the need for temperance when meeting out just punishment in individualized circumstances.

The kinds of sentences available:

This Court has the authority to impose any reasonable sentence which is not necessarily defined as a guideline sentence. In fact their advisory nature makes the guidelines but one factor for this Court's consideration.

The sentence range established by the guidelines:

Mr. Shaw's sentence as advised by the guidelines would be 30 to 37 months based on the calculation as advanced by the Probation Office. The plea agreement does not contemplate a specific sentence range while the Pre-Sentence Report recommends the maximum sentence under the applicable guideline calculation.

Policy statement by the Sentencing Commission:

Counsel is unaware of any applicable policy statements but reserves the right to amend this position paper in the event any pertinent policy statements become known.

Victim restitution: Mr. Shaw is prepared to make monthly payments towards restitution.

Additional Sentencing Factors: By all accounts Mr. Shaw joined a scheme to defraud the PPP program already in progress and, upon information and belief, designed, devised and created by one Ms. Lisa Evans. Initially Mr. Shaw intended to defraud the PPP program in an amount of $ 100,000.00 but it was Ms. Evans who inflated the amount without Mr.

Shaw's prior knowledge or acquiescence to the loss amount at issue now. Nonetheless, Mr. Shaw readily accepts his responsibility for that amount, however, he wanted this Honorable Court to know what his original intent was.

**Conclusion**

Mr. Shaw respectfully submits in light of the foregoing a sentence at the lowest end of the applicable guideline range, i.e. 30 months, is sufficient and not greater than necessary to achieve the ends of justice.

Respectfully Submitted:

S/ Steffen Schreiner

_____
Steffen G. Schreiner, BPR # 13048
Attorney for Defendant Shaw
12123 Forrest St.
Arlington TN 38002
(901) 527-5000

**CERTIFICATE OF SERVICE**

I, Steffen G. Schreiner, hereby certify that a true and correct copy of the foregoing has been mailed electronically, to Assistant United States Attorney, Mr. Tony Arvin, 167 N. Main St. Room 800, Federal Building, Memphis, TN. 38103 and Ms. Nicole Goodman, U.S. Probation Officer, 167 N. Main St., 2nd Floor, Memphis, TN. 38103, on the day of filing.

S/ Steffen Schreiner

_____
Steffen G. Schreiner